Victor de Gyarfas (SBN 171950)
email: vdegyarfas@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone: 213-972-4500
Facsimile: 213-486-0065

Attorneys for Defendant
MOFTWARE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIPPING AND TRANSIT LLC, a Florida Limited Liability Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>MOFTWARE, INC. a Texas Corporation; and DOES 1 through 10, Inclusive,<br>        Defendants. | Case No: 2:16-CV-3029-JAK-MRW<br><br>**NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES, FED. R. CIV. P. 55(C)**<br><br>[SUPPORTING DECLARATIONS OF PINAKIN DINESH AND VICTOR DE GYARFAS FILED HEREWITH]<br><br>Date:   December 12, 2016<br>Time:   8:30 a.m.<br>Place:   Courtroom 750 (Roybal)<br><br>Judge: Hon. John A. Kronstadt |

4812-6292-0505.1

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2016 at 8:30 a.m. in Courtroom 750 of the above-entitled Court located at 255 East Temple Street, Los Angeles, California 90012, defendant Moftware, Inc. will and hereby does move pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the default entered by the Clerk on July 13, 2016 (Doc. 18).

This motion is brought on the grounds that Defendant did not intentionally fail to answer the complaint, Defendant has meritorious defenses, and Plaintiff will not be unfairly prejudiced if the default is set aside.

This motion is made pursuant to this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the supporting declarations and accompanying exhibits, the entire court file in this action, and all other evidence and argument that may be introduced at the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which occurred on September 12, 2016.


Dated:  September 19, 2016


By:  /s/ Victor de Gyarfas
     VICTOR DE GYARFAS
     FOLEY & LARDNER LLP
     Attorneys for Defendant MOFTWARE,
     INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.        INTRODUCTION**

The default entered in this case by the Clerk should be set aside.  In analyzing a motion to set aside a default, the Court considers (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.  All of those factors warrant setting aside the default, and for the same reasons, the default judgment should not be entered.

Specifically, as demonstrated by the declarations filed herewith:

(1)      Plaintiff has suffered no unfair prejudice by the short delay between the date the response to the complaint would have been due had service been effected properly and the date it will be due once the default is set aside.

(2)      Defendant has meritorious defenses given that Plaintiff's patents are invalid for failing to claim patentable subject matter.  They are also likely not infringed, but Plaintiff has not explained its infringement theory.

(3)      The only reason Defendant Moftware, Inc.  ("Moftware" or "Defendant") did not respond to the Complaint is that it never believed that it had properly been served.  Instead, Defendant learned of the case from individuals other than Plaintiff.  Defendant retained counsel on September 8, 2016 and there is absolutely no evidence that it engaged in any culpable conduct that could warrant denial of this motion.

On September 12, 2016, counsel for Plaintiff met and conferred regarding a motion to set aside the default.  Pursuant to the Local Rules, Defendant was required to wait until September 19, 2016 to file the motion to set aside the default and is doing so now.

The Rutter California Practice Guide offers fitting advice for these circumstances: "If you represent plaintiff, do not oppose defendant's motion [to set aside default] unless the matter is truly important and there are valid reasons for your opposition. Absent such reasons, your opposition makes you seem petty." Schwarzer, Tashima, and Wagstaffe, Federal Civil Procedure Before Trial (Rutter Group) § 6:207, p. 6-65 (2012), Ex. 3 to the concurrently filed de Gyarfas Declaration.

1

## II.   FACTUAL AND PROCEDURAL SUMMARY

### A.   The Lawsuit Filing

This is a patent infringement case in which Plaintiff accuses Moftware of patent infringement.  Per the Court's docket, Plaintiff filed the complaint on May 3, 2016.

### B.   Purported Service

Plaintiff alleges that service was accomplished on May 25, 2016.  The proof of service, however, is signed by someone with a Los Angeles address who alleges that service was made at "7580 HARWIN DRIVE, HOUSTON, TX 77036." (Doc. 15).  No individual was identified as having received service of process at Moftware.

The CEO of Moftware, Inc., Pinakin Dinesh, however, is the person who would have been the person to receive service. As Mr. Dinesh declares, neither he, nor any Moftware employee, was served with the summons and complaint by Plaintiff in this case.  Dinesh Dec. ¶ 2.  Instead, he learned of the lawsuit from emails with individuals other than Plaintiff. *Id.* at ¶ 3.  Moftware, Inc. retained Foley & Lardner LLP on September 8, 2016 to defend it in this lawsuit.  *Id.* at ¶ 4.

### C.   Moftware Did Not Willfully Or Deliberately Refuse To Answer The Complaint

Because Moftware was not served (Dinesh Dec. ¶ 2), it was not aware that Plaintiff contended that it had been served properly.  Had Moftware been aware that Plaintiff contended service was proper, it would have directed counsel to prepare a timely response to the Complaint, just as it is preparing this Opposition.  Moftware did not intentionally fail to answer the Complaint.  Instead, the reason why Moftware did not answer was because it did not have knowledge that it was properly served.  *Id.* at ¶ 2. Indeed, if the Court determines that service was proper, once the default in this case is set aside, Moftware fully intends to respond to the Complaint.

### D.   Moftware's Attempts To Resolve The Issues On This Motion

On September 8, 2016, Moftware retained Foley & Lardner LLP to represent it in this case.  On that day, counsel for Moftware informed Plaintiff's counsel that it was

representing Moftware and sought to meet and confer on a motion to set aside the default. Plaintiff refused to set aside the default.

## III.   LEGAL STANDARDS FOR SETTING ASIDE ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Rule 55(c) of the Federal Rules of Civil Procedure governs both the vacating of an entry of default and relief from default judgment.  *See Quach v. Cross*, No. CV 03-09627 GAF (RZx), 2004 U.S. Dist. LEXIS 28983, *14-15 (C.D. Cal. Dec. 3, 2004); *Advanced Skin & Hair, Inc. v. Bancroft*, No. CV 11-6587 RSWL (Ex), 2012 U.S. Dist. LEXIS 34419, *1-3 (C.D. Cal. Mar. 14, 2012).  Rule 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Fed. R. Civ. P. 55(c). Thus, a party seeking to have a default set aside prior to the entry of judgment must only show good cause.  "The different treatment of default entry and judgment by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court."  *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *see also Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986) ("The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment").

Nonetheless, "the parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds for relief provided in Rule 60(b)" and thus the Court will look to these grounds in deciding this motion.  *Hawaii Carpenters*, 794 F.2d at 513. Rule 60(b)(1) lists "mistake, inadvertence, surprise or excusable neglect" as possible grounds to vacate default and subsection (b)(6) provides a catchall provision allowing for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(1), (6).  Courts have found that three factors are relevant when considering relief from default judgment:

"(1) whether the plaintiff will be prejudiced,

(2) whether the defendant has a meritorious defense, and

(3) whether culpable conduct of the defendant led to the default."

*Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  This is a disjunctive list, however, and "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits."  *Mendoza*, 783 F.2d at 945-46.

## IV.    THE COURT SHOULD SET ASIDE THE DEFAULT ENTERED AGAINST DEFENDANT AND DENY ENTRY OF DEFAULT JUDGMENT

### A.    Plaintiff Will Not Be Unfairly Prejudiced

Prejudice turns on whether a Plaintiff's ability to purse its claims will be hindered if default is set aside.  *Falk*, 739 F.2d at 463.  "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."  *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001).  Delay alone does not constitute prejudice unless it "will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (quoting 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699, at pp. 536-37 (1983)).

Here, Plaintiff has never identified how any delay in responding to the complaint would result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion if Defendant is allowed to defend this action. Indeed, the default was only entered on July 12, 2016 (Doc. 18).  There is no evidence that the very short delay between the time a response to the Complaint would have been due had service been proper, and the date of this filing has caused Plaintiff any harm whatsoever.  This factor weighs heavily in favor of setting aside the default.

### B.    Defendant Has Meritorious Patent Invalidity Defenses

In considering whether a defendant has a meritorious defense, the Court must determine "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters*, 794 F.2d at

4

513.  "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis."  *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994); *Quach*, 2004 U.S. Dist. LEXIS 28983 at *16-17.  In addition, "where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default]."  *Mendoza*, 783 F.2d at 945-46.

Here, the patents-in-suit are all similar, and the validity of one of the patents-in-suit, U.S. Patent No. 6,415,2017, has already been challenged in a similar case, *Shipping and Transit LLC v. Loginext Solutions Inc.*, Case No. 2:16-cv-03834 AG (AGRx) (C.D. Cal.).  As asserted in a motion to dismiss in the *Loginext* case, (Ex. 1, Doc. 19 in *Loginext*), the patent fails to claim patentable subject matter.  The same is true of the additional patents asserted in this case.  Three days after the motion to dismiss was filed in that case, the parties stipulated to dismiss the case.  (Doc. 21 in *Loginext*).

In another Shipping and Transit case, *Shipping and Transit LLC v. Hawk Applications Corp.*, Case No. 2:16-cv-03982-GW (KSx) (C.D. Cal.) (Ex. 2, Doc. 18), the defendant in that case intends to challenge the validity of U.S. Patent Nos. 6,317,060; 6,415,207; and  6,763,299, all on the basis that they fail to claim patentable subject matter.  That defense also applies to the Defendant in this case, because it depends solely on the claims of the patents, and has nothing to do with Defendant's products.

## C. Defendant's Conduct Was Not Culpable

As default judgments are generally disfavored, the Ninth Circuit has narrowly defined conduct that will qualify as culpable.  In *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691 (9th Cir. 2001), the Ninth Circuit relied heavily on the  Supreme Court's broad definition of excusable neglect in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) to find that even where a defendant had "receive[d] a pleading, read[] and underst[ood] it, and t[ook] no steps to meet the deadline for filing a responsive pleading," her conduct would **not** be considered

culpable. *Id.* at 697.  The court explained that to amount to being culpable, a defendant's conduct must be "'willful, deliberate, or evidence of bad faith.'"  *Id.* (quoting *American Alliance Inc. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)).  "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not intentional under our default cases, and is therefore not . . . culpable or inexcusable."[1]  *TCI,* 244 F.3d at 698*; see also Pincay v. Andrews*, 389 F.3d at 859.[2]

Relying on *TCI*, courts in this Circuit have repeatedly emphasized that "culpable conduct" requires proof that the defendant took advantage of the plaintiff, interfered with judicial decision making, or manipulated the legal process. *See, e.g., Joe Hand Prods. v. Estrada*, No. 10-2165, 2011 U.S. Dist. LEXIS 35073, *6-7 (E.D. Cal. Mar. 31, 2011) (finding no evidence of "devious or bad faith attempt to manipulate Plaintiff or subvert the judicial process"); *Daoust v. U Unlimited, Inc.*, No. 10-0678, 2010 U.S. Dist. LEXIS 91924, *6-7 (N.D. Cal. Aug. 12, 2010) (even though defendant was aware of service and hired a lawyer, failure to answer was not "devious, deliberate, willful, or done in bad faith"); *Abbate Family Farms Ltd. P'ship v. Leo L. Cotella & Co*., No. 09-4836, 2010 U.S. Dist. LEXIS 23223, *4-5 (N.D. Cal. Feb. 23, 2010) (same, where defendant failed to

---

[1]     The terms "culpable conduct" and "inexcusable neglect" are interchangeable for purposes of a relief from default analysis. *See TCI*, 244 F.3d at 696 ("Our understanding of what Rule 60(b)(1) requires in the default judgment context is consistent with the Supreme Court's recent clarification of the concept of excusable neglect generally."); *cf. Pincay v. Andrews*, 389 F.3d 853, 855, 2004 U.S. App. LEXIS 23822 at *5 (9th Cir. Nov. 15, 2004) (recognizing that the Supreme Court has held the term excusable neglect to carry the same definition throughout the Federal Rules of Civil Procedure).

[2]   *cf. Franchise Holding II, LLC v. Huntington Rests, Group, Inc.,* 375 F.3d 922 (9th Cir. 2004) (coming to a different, anomalous conclusion, but  engaging in little analysis and failing to even mention, let alone explicitly overrule, *TCI*.).  As also explained in *FOC Fin. Ltd. P'ship v. Nat'l City Commer. Capital Corp.*, 612 F. Supp. 2d 1080, 1083 (D. Ariz. 2009) (explaining that the result in Franchise II was anomalous, does not follow precedent, and was not followed by the Ninth Circuit); *see also E. & J. Gallo Winery v. Cantine Rallo, S.P.A.*, 430 F. Supp. 2d 1064, 1086 (E.D. Cal. 2005) ("*Franchise Holding II* . . . is an anomalous case that does not follow precedent and was not followed by a subsequent en banc panel of the Ninth Circuit [*Pincay*].").

timely retain counsel); *Kajander v. City of Phoenix*, No. 09-2164, 2010 U.S. Dist. LEXIS 22061, *3-4 (D. Ariz. Feb. 19, 2010) (same, where defendant corresponded with plaintiff about an extension of time but failed to answer).

In *Righthaven LLC v. Klerks*, No. 10-00741, 2010 U.S. Dist. LEXIS 105307, *5 (D. Nev. Sept. 17, 2010), the Court explained that a defendant does not act culpably where it contests the validity of service but then promptly moves to set aside default:

> Defendant claims that he was never properly served with a summons and complaint and that his office is located at a different address. Further, once Defendant learned that [Plaintiff] was claiming that service had been effected, he promptly retained counsel and filed the instant motion. This evidence does not demonstrate culpability on Defendant's part. The fact that he sought counsel shortly after he received constructive notice from the news reporter that [Plaintiff] was claiming to have effected service, and then also promptly filed this motion before a default judgment was requested, shows that Defendant was trying to cooperate with judicial proceedings in good faith, not hinder them. Therefore, this factor weighs in favor of setting aside the clerk's default.

Plaintiff has no evidence of devious or manipulative intent on Moftware's part and Defendant has not engaged in any culpable conduct. Moftware did not believe it had been served properly. Had it believed service was proper, it would have timely responded to the Complaint. Moftware hired counsel to defend it and it fully intends to respond to the Complaint once the default is set aside. There are no facts whatsoever that Moftware engaged in any acts that were deliberate, willful, or bad faith attempts to avoid responding to the Complaint. Indeed, Moftware has been far more diligent than the defendant in *Pioneer Inv. Servs.*, where default was set aside. Thus, this factor also weighs in favor of setting aside the default.

4812-6292-0505.1

### D.      None Of The Other Factors Identified By Plaintiff Warrant Denial Of This Motion

Plaintiff cites the following factors relevant to entry of a default judgment at (Doc. 22) Mot. 3:14-19:  "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the general policy favoring decisions on the merits."  Factors 1 (prejudice); 2 (merits – i.e., Defendant's invalidity defense); and 6 (excusable neglect / culpable conduct), have already been addressed above.  All of the other factors weigh in favor of setting aside the default.

Regarding sufficiency of the complaint, the sufficiency was already challenged in *Loginext*, and the case was dismissed shortly thereafter.  A similar motion challenging the sufficiency of the complaint will be filed in this case once the default is set aside.

Regarding the sum of money, it is impossible to know what the sum of money is because Plaintiff's allegations are so vague, but it is possible that the sum of money could be so large as to work a severe hardship on Defendant. This factor weighs in favor of setting aside the default.

There is almost certainly a dispute concerning material facts, as Defendant intends to dispute infringement vigorously once the default is set aside.  This factor also weighs in favor of setting aside the default.

Finally, the general policy favoring decisions on the merits weighs in favor of setting aside the default.

In sum, all factors weigh in favor of denying setting aside the default, and this motion should be granted.

## V.      CONCLUSION

For all these reasons, the default entered against Defendant Moftware, Inc. should be set aside.

4812-6292-0505.1

1

Dated:  September 19, 2016              Respectfully Submitted,

2

3                                       By:  /s/ Victor de Gyarfas
                                        VICTOR DE GYARFAS
4                                       Foley & Lardner LLP
                                        Attorneys for Defendant MOFTWARE, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4812-6292-0505.1